PER CURIAM.
In this case, Scott Allen Moore was charged with and convicted of sexual battery, sexual battery of a helpless person and serving alcohol to an underage person.
*469 The record shows that Moore served alcohol to an eighteen-year-old woman staying at his home with his daughter. The woman became helplessly intoxicated. The women testified that she woke during the night to find Moore beside her with his finger in her vagina. She was unable to voice an objection but her stare led Moore to remove his finger. Later, she moved to Moore’s daughter’s bed, but before she fell asleep, Moore rolled her onto her stomach, pulled down her shorts and had vaginal intercourse with her.
The jury, by special interrogatory, found Moore guilty of Count 1, sexual battery of a helpless victim, by having union (not penetration) between his finger and the women’s vagina. The State contends that this does not meet the statutory definition of sexual battery and that this conviction must be reversed. A lesser-included offense, simple battery, was proven and, upon remand, a judgment should be entered for this offense.
Moore also challenges the sexual battery conviction based on having vaginal intercourse with the women, claiming that the court erred in permitting his now-adult daughters to testify that he had abused them until they were thirteen. He claims there were insufficient similarities between the past acts and the instant crimes for the court to admit the Williams[1] rule evidence. We disagree and affirm this conviction.
AFFIRMED in PART; REVERSED in PART and REMANDED for resentencing in accordance with this ruling.
TORPY, C.J., PALMER, J., and HARRIS, C. M., Senior Judge, concur.

. Williams v. State, 110 So.2d 654, 659 (Fla. 1959)